1  Oliver D. Griffin (*pro hac vice* application forthcoming)
   oliver.griffin@griffinlawllp.com
2  Melissa A. Bozeman (*pro hac vice* application forthcoming)
   melissa.bozeman@griffinlawllp.com
3  **GRIFFIN PARTNERS LLP**
   123 S. Broad Street, Suite 1850
4  Philadelphia, PA 19109
   Telephone: (267) 313 – 0766
5  Facsimile: (267) 427 – 8139

6  Steven A. Heath (SBN 250867)
   saheath@heathsteinbeck.com
7  **HEATH STEINBECK, LLP**
   407 N. Maple Drive, Ground Floor
8  Beverly Hills, CA 90210
   Tel: (213) 335-6245
9  Fax: (213) 335-6246

10 Attorneys for Plaintiff BYOAPPS, LLC,
   a California limited liability company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BYOAPPS, LLC, a California limited liability company,<br><br>                Plaintiff,<br><br>vs.<br><br>TIMELESS COSMETICS, LLC, a California limited liability company; TIMELESS SKIN CARE, LLC, a Texas limited liability company; VERONICA PEDERSEN, an individual; ALEX PEDERSON, an individual; and DOES 1 through 20, inclusive,<br><br>                Defendants. | Case No. 2:25-cv-1925<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; and**<br>3. **RESTITUTION/UNJUST ENRICHMENT** |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiffs BYOApps, LLC ("BYOA"), by and through its counsel, for its Complaint against Defendants Timeless Cosmetics, LLC, a California limited liability company, Timeless Skin Care, LLC, a Texas limited liability company, Veronica Pedersen, an individual, Alex Pedersen, an individual, and Does 1 through 20, inclusive (collectively, "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This case arises out of Defendants' breach of a Partnership Agreement (the "Agreement") with Plaintiff BYOA.

2. Defendant Timeless Skin Care, LLC ("Timeless") is in the business of manufacturing skin care and related products. Defendants Veronica Pedersen and Alex Pedersen are the only members of Timeless.

3. In the Agreement, Defendants granted BYOA "an exclusive and perpetual license to sell Timeless' current and future products through an app," and agreed that "Timeless and its affiliates, successors and assigns may not enter into an arrangement that is similar to the arrangement described herein with any third party or develop internally or with a third party an app which will be used to market or sell Timeless products in such a manner that competes with the App."

4. The Agreement provided that Timeless would pay BYOA 35% of all gross revenue derived from sales through the App.

5. The Agreement further provided that it could only be terminated if (a) one of the parties was in default of any material obligation under the Agreement, and such default continued unremedied following a period of 30 consecutive days following written notice of such default, or (b) if one of the parties became bankrupt, insolvent, or the like.

6. Defendants breached the Agreement by selling Timeless' products through various third-party apps, including those maintained by Amazon, Target, Walmart, and ReCommerce, and by failing and refusing to pay BYOA its rightful share of the gross revenue derived from such sales.

1
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

7. Defendants further breached the Agreement by wrongfully purporting to terminate the Agreement.

## PARTIES

8. Plaintiff BYOApps, LLC ("BYOA") is a limited liability company that is organized and existing under the laws of the state of California. Its principal place of business is located at 13101 Washington Blvd, Suite 416, Los Angeles, CA 90066. BYOA is in the business of developing, marketing and managing ecommerce applications.

9. The sole member of BYOA is Blake Pollack ("Pollack"), an adult individual and citizen of California, with an address at 1545 Heather Oaks Lane, Thousand Oaks, CA 91361.

10. Defendant Timeless Cosmetics, LLC is a limited liability company that is organized and existing under the laws of the state of California. The company was organized in March 2011 under the name Timeless Skin Care, LLC, a California limited liability company. In May 2023, the company changed its name to Timeless Cosmetics, LLC. Its principal place of business is located at 4000 Greenbriar Dr., Suite 400, Stafford, TX 77477. Timeless is in the business of manufacturing skin care and related products. Upon information and belief, this entity is a predecessor-in-interest to Defendant Timeless Skin Care, LLC, a Texas limited liability company.

11. Defendant Timeless Skin Care, LLC is a limited liability company that is organized and existing under the laws of the state of Texas. Its principal place of business is located at 4000 Greenbriar Dr., Suite 400, Stafford, TX 77477. Timeless is in the business of manufacturing skin care and related products. Upon information and belief, this entity is a continuation of and/or successor-in-interest to Defendant Timeless Cosmetics, LLC, a California limited liability company formerly known as Timeless Skin Care, LLC. Both entities are referred to in this Complaint as "Timeless."

12. The sole members of Timeless are Defendants Veronica Pedersen and Alex Pedersen, husband and wife.

13. Defendant Veronica Pedersen is an adult individual and a citizen of Texas, with an address at 457 County Road 221, East Bernard, TX 77435-8178.

14. Defendant Alex Pedersen is an adult individual and a citizen of Texas, with an address at 457 County Road 221, East Bernard, TX 77435-8178.

15. BYOA is unaware of the true names, capacities, or basis for liability of Defendant DOES 1 through 20, and therefore sue said Defendants by their fictitious names. BYOA will amend this Complaint allege their true names, capacities, or basis for liability when the same has been ascertained. BYOA is informed and believes, and based thereon alleges, that Defendants Does 1 through 20, and each of them, are in some manner responsible for the harm alleged herein or are otherwise liable to BYOA.

16. BYOA is informed and believes, and based thereon alleges that at all relevant times, Defendants were the agents, employees, alter egos, conspirators, and servants of the other Defendants and in doing the things alleged in this Complaint, were acting within the course and scope of their authority as such agents, employees and servants and with the permission and consent of all other defendants.

17. BYOA is informed and believes, and based thereon alleges, that Timeless Skin Care, LLC, a California limited liability company, Time Skin Care, LLC, a Texas limited liability company, and the individual Defendants are alter egos of each other and: (a) there existed and now exists a unity of interest and operation between Defendants such that the individuality and separateness of Defendants has ceased or never existed; and (b) the failure of Defendants Veronica Pedersen and Alex Pedersen to honor the separate existence of the corporate Defendants would sanction a fraud or promote injustice.

18. BYOA is further informed and believes, and based thereon alleges, that recognition of the privilege of separate existence of Timeless would promote injustice because Defendants Veronica Pedersen and Alex Pedersen, and each of them, in bad faith dominated and controlled Timeless as follows:

    a. Timeless has been and/or is now a mere shell and naked framework

which they have used as a conduit for the conduct of their business, property, and affairs;

b. They commingled funds and other assets with their own funds for their own convenience and to assist in evading obligations;

c. They used Timeless funds for something other than corporate uses;

d. They purported to, and did, work through Timeless during the negotiations and performance, and interpretation, of the Agreement and services set forth herein;

e. They used Timeless as a mere shell, instrumentality and/or conduit for their own actions, and negotiated the terms of the Agreement and/or breached the Agreement for their own benefits and/or diverted funds and other assets of Timeless for other than corporate uses and/or to defraud BYOA and others;

f. They treated the assets of Timeless as their own;

g. They failed to maintain minutes and/or adequate corporate records and/or failed to maintain other corporate formalities;

h. All Defendants acted in concert and for a common enterprise with respect to the acted complained of herein; and

i. Other representations, acts, or omissions subject to proof.

19. This Court should pierce the corporate veil and impose personal liability on Defendants Veronica Pedersen and Alex Pedersen because they used their alter ego, Timeless, to defraud BYOA and benefit themselves personally.

20. Failure to pierce the corporate veil would result in injustice and inequity.

21. At all times relevant hereto, Defendants acted for each other in connection with the conduct hereinafter alleged and each of them performed the acts complained of herein or breached the duties herein complained of as agents and/or conspirators of each other and each is therefore fully liable for the acts of the others.

22. BYOA is informed and believes, and based thereon alleges, that at all times relevant hereto, Defendants acted for each other in connection with the conduct

4
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

hereinafter alleged and that each of them performed the acts complained of herein or breached the duties herein complained of as agents and/or conspirators of each other and each is therefore fully liable for the acts of the others.

## JURISDICTION AND VENUE

23. BYOA files this action in the United States District Court for the Central District of California on the basis of diversity of citizenship.

24. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), because there is complete diversity of citizenship between BYOA and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

25. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California.

26. At the time that the Partnership Agreement was executed, BYOA and Timeless had their principal places of business in Los Angeles County and San Bernardino County, respectively; Defendants Veronica Pedersen and Alex Pedersen were residents of San Bernardino County; and the parties' obligations under the Agreement were to be substantially performed in Los Angeles County.

27. In addition, Paragraph 11.3 of the Partnership Agreement provides that "Any action or proceeding between the parties relating to this Agreement shall take place in Los Angeles County, California; both parties hereby waive any objection to personal jurisdiction or venue in any forum located in that county."

## RELEVANT FACTUAL BACKGROUND

**A.   Background**

28. Blake Pollack formed BYOA as a California limited liability company on or about April 3, 2014.

29. Defendants Veronica Pedersen and Alex Pedersen initially formed Timeless as a California limited liability company in 2009. They formed Timeless as a Texas

limited liability company in 2021 with, upon information and belief, the Texas entity being the successor-in-interest to the California entity.

30. Until BYOA created the Timeless App, Timeless sold its products through its own website and independent distributors.

31. As stated in the recitals to the Agreement, Timeless contracted with BYOA so that it could sell its products through an app (the "App"), available for download primarily through the Apple Store and the Google Play Store.

**B.  The August 11, 2017 Partnership Agreement**

32. On or about August 11, 2017, BYOA and Timeless entered into the Agreement. A true and correct copy of the Agreement is attached hereto as **Exhibit 1** and is incorporated into this Complaint as though fully set forth herein.

33. Pollack signed the Agreement in his capacity as Owner of BYOA.

34. Veronica Pederson, then known through her maiden name, Veronica Castellanos, signed the Agreement in her capacity as CEO of Timeless.

35. Alex Pedersen signed the Agreement in his capacity as Owner of Timeless.

36. The Agreement provides that "California law shall govern this Agreement, without giving effect to conflicts of laws principles." Agreement, ¶ 11.3.

37. In the Agreement, Defendants granted BYOA "an exclusive and perpetual license to sell Timeless' current and future products through an app", and agreed that "Timeless and its affiliates, successors and assigns may not enter into an arrangement that is similar to the arrangement described herein with any third party or develop internally or with a third party an app which will be used to market or sell Timeless products in such a manner that competes with the App":

> 2.  **License**. Timeless and its successors and assigns hereby grants to BYO an exclusive and perpetual license to sell Timeless' current and future products through an app. For the avoidance of doubt, Timeless and its affiliates, successors and assigns may not enter into an arrangement that is similar to the arrangement described herein with any third party or develop internally or with a third party an app which will be used to

6
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

> market or sell Timeless products in such a manner that competes with the App. Timeless shall retain ownership in and to the Timeless brand and its products; provided that Timeless hereby grants to BYO a limited perpetual license to its brands and brand names to market the App.

Agreement, ¶ 2.

38. Defendants did not reserve any rights for themselves or any third party relative to sales of Timeless products through an app. To the contrary, BYOA was granted the sole, exclusive, and perpetual license relative to such sales.

39. The Agreement set an initial Term of 60 months, and provided that it would automatically renew for additional 60 months Terms thereafter. Agreement, ¶ 8.

40. The Agreement provided that it could only be terminated under the following circumstances:

> (a) if either party is in default of any material obligation under this Agreement, and such default continues unremedied following a period of 30 consecutive days following written notice of such default, at which point it will automatically terminate; and (b) if either party is adjudicated bankrupt, becomes insolvent, voluntarily or involuntarily commences liquidation, a receiver (temporary or permanent) for its property or a part thereof is appointed by a court of competent jurisdiction and not dismissed within 30 days after appointment, makes a general assignment for the benefit of creditors, or if execution is levied against substantially all of the property of a party which would have an adverse effect of the operation of its business and is not removed within 30 days, then this Agreement shall be terminated immediately upon the expiration of such 30 day period.

Agreement, ¶ 8.

41. The Agreement specified that BYOA's obligations under the Agreement would be the following:

> - "BYO will design, create and develop an App which will offer for sale and purchase Timeless' current and future products. The initial version of the App will be available for download on or before October 1, 2017. All costs associated with the development of the App will be borne by

7
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

exclusively by BYO. All costs associated with the marketing of the App will be borne by BYO."

- "BYO will use its best efforts to market the App worldwide. All costs associated with the marketing of the App will be borne by BYO. BYO will have sole and exclusive control of the marketing efforts used to distribute the App."

- "BYO will manage all technology aspects related to the operation of the App."

Agreement, ¶ 1(a).

42. The Agreement specified that Timeless' obligations under the Agreement would be the following:

- "Timeless will be responsible for fulfilling all orders purchased through the App. All cost related to the products sold via the App including but not limited to the manufacturing, developing, testing, shipping and customer support will be borne by Timeless."

- Timeless agrees to promote the App by placing a banner, above the fold on their mobile website [i.e., timelessha.com], that states that Timeless has an app to purchase whereby consumers may purchase all their products and provides a link to download the App."

- "Throughout the Term, Timeless will provide BYO with continual and unfettered access to the backend of Timeless' current and future website so that BYO can operate and maintain the App."

Agreement, ¶ 1(b).

43. The Agreement provided that 65% of all gross revenue generated through the App would go to Timeless, and the remaining 35% to BYOA, and that the gross revenue would only be reduced by credits or refunds. Agreement, ¶ 3.

44. The Agreement further provided that:
If any action or proceeding , whether regulatory, administrative, at law or in equity is commenced or instituted to enforce or interpret any of the terms or provisions of this Agreement

(excluding any mediation required under this Agreement), the prevailing party in any such action or proceeding shall be entitled to recover its reasonable attorneys' fees, expert witness fees, costs of suit and expenses , in addition to any other relief to which such prevailing party may be entitled. As used herein, "prevailing party" includes without limitation, a party who dismisses an action for recovery hereunder in exchange for payment of the sums allegedly due, performance of covenants allegedly breached, or consideration substantially equal to the relief sought in the action.

Agreement, ¶ 11.2.

45. The Agreement further provided that:

5. **Audit**. BYO shall have the right, at any reasonable time while the App is live and for a period of 3 years thereafter, to audit Timeless' records pertaining to Timeless' obligations under this Agreement. Any such audit shall not relieve Timeless of its obligations or liability hereunder or constitute BYO's consent or approval to any actions undertaken or methods, systems and/or procedures used by Timeless. If any such audit discloses any underpayments, Timeless shall, on demand, pay BYO the amount of such underpayments, together with interest on such underpayments at the rate of ten percent (10%) per annum, or the maximum amount allowed by law, whichever is less, from the date of each such underpayment, until reimbursed to BYO and reimburse BYO for BYO's reasonable costs and expenses actually incurred in connection with such audit.

Agreement, ¶ 5.

C. **BYOA Performed All of Its Obligations Under the Agreement**

46. BYOA fulfilled and satisfied all of its obligations under the Agreement, including designing, creating, and developing the App.

47. Prior to BYOA's development of the App, Timeless did not have a functioning mobile app.

48. By providing Defendants with the ability to sell Timeless products through the App, BYOA conferred tremendous benefits upon Defendants.

49. The App generated millions of dollars of sales of Timeless products.

9
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**D.      Defendants Breached and Wrongfully Purported to Terminate the Agreement**

50.     Defendants have breached the Agreement by, *inter alia*, failing and refusing to pay monies owed to BYOA pursuant to the terms of the Agreement, and by wrongfully purporting to terminate the Agreement.

51.     Immediately prior to the biggest sale period of the year (from just before Halloween 2020 through the 2020 holiday season), Defendants intentionally changed their sales and marketing tactics to intentionally direct customers away from purchasing through the BYOA-Timeless App, and instead through the Timeless website or other purchase options.

52.     Defendants made it so that any sales that were consummated through the BYOA-Timeless App would not receive holiday promotional discounts – instead, only sales consummated through other channels (such as directly off the Timeless website) were eligible for the discounts.

53.     Defendants used the App to market and promote the holiday sales/discounts, but disingenuously discouraged customers from purchasing the product through the BYOA-Timeless App.  Instead, Timeless improperly steered sales to its website by falsely suggesting and/or stating to customers that they could not purchase the product at a discount by purchasing through the App, but could obtain the discount by purchasing directly from the website.

54.     This led directly to a decline in sales through the App, and a drastic decline in amounts paid by Defendants to BYOA.

55.     Eventually, Defendants actually shut down the BYOA-Timeless App, and notified nearly 18,000 customers that the BYOA-Timeless App was no longer operative.

56.     Defendants also breached the Agreement by selling Timeless' products, and/or allowing Timeless' products to be sold, through various third-party apps (including those maintained by Amazon, Target, Walmart, and ReCommerce) and by failing and refusing to pay BYOA its rightful share of the gross revenue derived from such sales.

57. Defendants further breached the Agreement by wrongfully purporting to terminate the Agreement.

58. Despite the fact that Defendants had no legitimate basis for terminating the Agreement, Defendants purported to terminate the Agreement by letter dated March 10, 2021 (the "Termination Letter"). A copy of the March 10, 2021 Termination Letter is attached hereto as **Exhibit 2**.

59. In the Termination Letter, Defendants stated that "Timeless is terminating the Agreement, effective today (March 10, 2021), and as of that date will no longer be offering its products for sale through the IOS or Android app."

60. In the Termination Letter, Defendants stated that they were terminating the Agreement for the following reasons:

> BYO has not met its obligations under the Agreement, and the IOS and Android app developed for Timeless by BYO is not meeting our growing business needs or objectives.
>
> BYO has not used its best efforts to develop and market the app to provide value. BYO has not developed and implemented additional app functionalities that we have requested, nor has it invested material resources into enhancing or upgrading the app since its inception. Separate from this, we have expressed to you our concerns about BYO's billing practices and its calculation of commissions, to which we have received no response.

61. The Agreement did not allow Defendants to terminate the Agreement on the basis of any of the reasons set forth by Defendants in the Termination Letter.

62. Instead, the Agreement expressly provided that it could only be terminated if (a) one of the parties was in default of any material obligation under the Agreement, and such default continued unremedied following a period of 30 consecutive days following written notice of such default, or (b) if one of the parties became bankrupt, insolvent, or the like.

63. None of the bases for termination set forth in the Agreement occurred. BYOA did not become bankrupt, insolvent, or the like, and BYOA did not breach any

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

material obligation under the Agreement.

64. Instead, Defendants alleged in the Termination Letter only that BYOA failed to do **_other_** things that were **_not_** required by the Agreement, and contended that BYOA's purported failure to perform those tasks provided Timeless a basis to terminate.

65. In fact, BYOA either performed the tasks mentioned by Defendants in the Termination Letter, or was prevented by Defendants from performing those tasks.

66. More importantly, none of those tasks were obligations of BYOA under the Agreement. Thus, none of those tasks provided Defendants with a legitimate basis for terminating the Agreement.

67. Accordingly, Defendants did not properly terminate the Agreement, and/or wrongfully terminated the Agreement, as Defendants had no justification to terminate.

68. Subsequent to Defendants' wrongful purported termination of the Agreement, BYOA requested an audit from Defendants to determine outstanding amounts owed under the Agreement, including whether there existed other sources of product sales revenue that would be covered by the Agreement (including third-party apps such as the Amazon App, Target App, Alibaba App, and other mobile apps that may be selling Timeless products).

69. BYOA never received an audit from Defendants that included such information, which in and of itself was a breach of Paragraph 5 of the Agreement.

70. BYOA nonetheless was able to determine that tens of millions of dollars in Timeless product sales revenue were generated through third-party apps.

71. Pursuant to the Agreement, BYOA is entitled to 35% of the gross revenue from such sales.

72. However, Defendants have failed and refused to pay BYOA these amounts.

73. Defendants are still selling Timeless products through third-party apps.

74. BYOA is entitled to damages, including lost profits, for Defendants' conduct.

///

## FIRST CLAIM FOR RELIEF

### (BREACH OF CONTRACT – AGAINST ALL DEFENDANTS)

75. BYOA incorporates the allegations in paragraphs 1 through 74 as though set forth herein.

76. The Agreement constitutes a valid and enforceable contract between BYOA, on the one hand, and Timeless, on the other hand.

77. The Agreement is supported by mutual consideration, including, without limitation, BYOA's agreement to design, create, and develop the App, and Timeless' agreement to pay BYOA 35% of all gross revenue generated through the App.

78. BYOA has performed all of its obligations and satisfied all conditions precedent under the Agreement, except to the extent such performance was waived, excused, or prevented by reason of Timeless' acts and/or omissions.

79. Timeless has materially breached Paragraphs 1, 2, 3, 5, 8, and 9 of the Agreement as alleged herein.

80. BYOA has suffered, and will continue to suffer, damages in an amount to be proven at trial, proximately caused by Timeless' above-described breaches of the Agreement.

## SECOND CLAIM FOR RELIEF

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (AGAINST ALL DEFENDANTS)

81. BYOA incorporates the allegations in paragraphs 1 through 74 as though set forth herein.

82. The Agreement constitutes a valid and enforceable contract between BYOA, on the one hand, and Timeless, on the other hand.

83. Included in the Agreement was an implied covenant that Timeless would perform in good faith and deal fairly with BYOA in all respects related to the subject matter of the Agreement.

84. The implied covenant of good faith and fair dealing prohibits conduct by a

13
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

party to a contract which prevents or impairs, or would tend to prevent or impair, the other contracting party from enjoying the benefits of the terms of the contract intended to be enjoyed.

85. BYOA has performed all of its obligations and satisfied all conditions precedent under the Agreement, except to the extent such performance was waived, excused, or prevented by reason of Timeless' acts and/or omissions.

86. By wrongfully terminating the Agreement, Timeless prevented BYOA from enjoying the benefits of the Agreement.

87. Accordingly, Timeless breached the implied covenant of good faith and fair dealing.

88. BYOA has suffered, and will continue to suffer, damages in an amount to be proven at trial, proximately caused by Timeless' above-described breaches of the implied covenant of good faith and fair dealing.

## THIRD CLAIM FOR RELIEF

**RESTITUTION/UNJUST ENRICHMENT (AGAINST ALL DEFENDANTS)**

89. BYOA incorporates the allegations in paragraphs 1 through 74 as though set forth herein.

90. BYOA asserts this cause of action for restitution/unjust enrichment in the alternative to its causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing, in the event the Court finds that (a) the Agreement is not fully or partially enforceable, and/or (b) the Agreement was validly and properly terminated by Defendants.

91. Prior to BYOA's development of the App, Defendants did not have a functioning mobile app.

92. By providing Defendants with the ability to sell Timeless' products through the App, BYOA conferred tremendous benefits upon Defendants.

93. The App generated millions of dollars of sales of Timeless products.

94. Defendants were unjustly enriched and continue to be unjustly enriched as a

result of their actions in (a) wrongfully purporting to terminate the Agreement, (b) selling Timeless' products through other third-party apps (including those maintained by Amazon, Target, Walmart, and ReCommerce), and (c) failing and refusing to pay BYOA its rightful share of the gross revenue from such sales.

95.  Defendants received these benefits through breaching the provisions of the Agreement, failing to adhere to promises, and engaging in wrongful conduct, all circumstances that would make it unjust for Defendants to retain such benefits without paying the reasonable value thereof.

96.  BYOA is entitled to restitution in the amount of its rightful share of the ill-gained benefits received by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BYOApps, LLC asks this Court for the following relief:

A.  That judgment be entered in BYOA's favor, and against Defendants Timeless Cosmetics, LLC, a California limited liability company, Timeless Skin Care, LLC, a Texas limited liability company, Veronica Pedersen, Alex Pedersen, and Does 1 through 20, inclusive, and each of them;

B.  An award of compensatory damages proximately caused by the aforesaid breaches of the Agreement, according to proof, including legal fees and costs;

C.  An award of compensatory damages proximately caused by the aforesaid breaches of the implied covenant of good faith and fair dealing, according to proof;

D.  An award of restitution and/or disgorgement of all sums unlawfully obtained and/or retained by Defendants;

E.  For reasonable attorney's fees and costs pursuant to Paragraph 11.2 of the Agreement;

F.  Pre-judgment and post-judgment interest consistent with the rates prescribed by law; and

G. Such other and further relief as the Court may deem just and proper under the circumstances.

**JURY TRIAL DEMAND**

Plaintiff BYOAPPS, LLC demands a jury trial on all claims for relief so triable.

Dated: March 5, 2025

**GRIFFIN PARTNERS LLP**

**HEATH STEINBECK, LLP**

*/s/ Steven A. Heath*
OLIVER D. GRIFFIN
oliver.griffin@griffinlawllp.com
MELISSA A. BOZEMAN
melissa.bozeman@griffinlawllp.com

STEVEN A. HEATH
saheath@heathsteinbeck.com

Attorneys for Plaintiff BYOAPPS, LLC